This Decision is a Precedent
of the TTAB

UNITED STATES PATENT AND TRADEMARK OFFICE
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA 22313-1451

Mailed: March 20, 2014

Opposition No. 91209030

Hot Tamale Mama...and More, LLC

v.

SF Investments, Inc.

Krisp, Interlocutory Attorney:

This proceeding is now before the Board for consideration of applicant's motion to compel discovery. The motion is fully briefed.

Applicant seeks an order compelling opposer to serve responses to its First Set of Interrogatories and First Set of Requests for the Production of Documents and Things, which applicant served on July 8, 2013. Opposer did not serve any responses as of the due date therefor.[1]

A motion to compel discovery must be supported by a written statement from the moving party showing that the party has made a good faith effort, by conference or correspondence, to resolve the issues with the other party, but that the parties were unable to resolve their differences. *See* Trademark Rule

---

[1] To the extent that opposer simply ignored the deadline to either serve discovery responses or seek from applicant an extension of time in which to do so, this was inappropriate, and clearly inconsistent with the Board's expectation that parties and their attorneys cooperate with one another in the discovery process. *See* TBMP § 408.01 (3d ed. rev. 2 June 2013).

2.120(e)(1), 37 CFR § 2.120(e)(1); TBMP § 523.02 (2013). *Cf. The Phillies v. Phila. Consol. Holding Corp.,* 107 USPQ2d 2149, 2151 (TTAB 2013). The Board expects that, as was done here, the statement will be supported by a recitation of the communications conducted, including dates, a summary of telephone conversations, and copies of any correspondence exchanged, where applicable (*e.g.*, emails, letters, notes to file).

In 1979, the Board explained that one purpose of this rule is to relieve the Board of the burden of ruling on motions to compel in proceedings where the parties can resolve their discovery disputes if they make a good faith effort to do so. *See MacMillan Bloedel Limited v. Arrow-M Corp.*, 203 USPQ 952, 953-954 (TTAB 1979). To this end, when discussing this rule[2] in two 1979 precedents, the Board first explained in the *MacMillan* case that even where a party has completely failed to respond to discovery, the party seeking discovery has a duty to contact the adverse party to ascertain why it has received no response and whether the matter can be resolved amicably, *see id.* at 954; and second, in a subsequent precedent, explained that, following such contact, if the party seeking discovery is dissatisfied with the adverse party's answer, it may file a motion to compel, supported by the statement and accompanying showing required by Trademark Rule 2.120(e)(1). *See Envirotech Corp. v. Compagnie Des Lampes,* 219 USPQ 448, 450 (TTAB 1979).

---

[2] In 1979, current Trademark Rule 2.120(e)(1) was designated Trademark Rule 2.120(c)(1).

Further, Trademark Rule 2.120(e)(1) calls for the moving party to show that it has made a good faith effort to resolve the issues presented in the motion, *and* that the parties were *unable to resolve their differences*. Thus, more recently the Board clarified that "[t]he purpose of the conference requirement is to promote a *frank exchange between counsel* to resolve issues by agreement or to at least narrow and focus the matters in controversy before judicial resolution is sought." *Amazon Technologies Inc. v. Wax*, 93 USPQ2d 1702, 1705 (TTAB 2009) (emphasis supplied), *quoting Dondi Properties Corp. v. Commerce Savings and Loan Ass'n*, 121 F.R.D. 284, 289 (N.D. Tex. 1988) (construing a local rule less demanding than Trademark Rule 2.120(e)(1)).

Trademark Rule 2.120(e)(1) does not require in all cases that a party seeking discovery ask its adversary specifically why no responses were received. On the other hand, mere dissatisfaction with the adversary's answer to an initial inquiry, in itself, does not discharge the duty to undertake a good faith effort to resolve the dispute, particularly where the inquiring party has received no, minimal or incomplete substantive information in response to its initial inquiry. Rather, the point is to investigate the possibility of resolving the dispute. Although the reason *why* no discovery responses were served can be part – possibly an important part – of the discussion, it may be irrelevant to resolving the dispute in many cases. Regardless, the good faith efforts of the parties should be directed to understanding differences and actually investigating ways in which to resolve the dispute. Where it is apparent that the effort toward

resolution is incomplete, establishing the good faith effort that is a prerequisite for a motion to compel necessitates that the inquiring party engage in additional effort toward ascertaining and resolving the substance of the dispute.

Here, that was not done. Two weeks after opposer's responses were due, applicant's counsel sent a single email to opposer's counsel, stating:

> *We have yet to receive your responses to the discovery requests*
> *we served earlier. Please advise me when we can expect them,*
> *as we need to get expert reports prepared.*

Three days later, opposer's counsel replied, stating:

> *I'll check with the client and get back to you on a time*
> *frame for response.*

Applicant relies on this email exchange to establish that it satisfied the good faith effort requirement. The question presented is whether a communication of this nature, by itself, satisfies that requirement where, as here, the nonmovant inappropriately served no response to written discovery requests when due, and, when contacted by the inquiring party, provided a minimal answer that did not even suggest a date by which the overdue responses would be served.

Applying the analysis set forth above, we conclude that applicant failed to satisfy the good faith effort obligation. Under the circumstances of this proceeding, the email exchange alone was insufficient to establish that applicant undertook sufficient effort to resolve the dispute. Applicant's sole communication merely stated what opposer already knew, that is, that applicant had received no discovery responses. For *its* part, opposer gave

only a brief reply that did not provide any information as to why the responses were past due, or when applicant could expect to receive them. Although opposer's reply did not indicate a date by which it would respond to the outstanding discovery requests, the reply also did not suggest any disagreement between the parties or recalcitrance or uncooperativeness on the part of opposer.

Although applicant was not required to wait indefinitely for further communication from opposer, given the lack of information garnered in the single exchange, and the lack of apparent disagreement or impasse, it was incumbent upon applicant to make at least one additional inquiry directed to not only ascertaining why opposer had served no responses, but also determining any underlying circumstances that might have contributed to the non-response, and whether any problems could be resolved. From opposer's short email reply,[3] it should have been apparent to applicant that it needed to make at least a second inquiry in order to determine opposer's situation, the nature of any disputed matter, and whether and when the matter could be resolved amicably.

The potential fruitfulness of a supplemental inquiry is plainly evident here. Opposer, in its consented motion for an extension to respond to the motion to compel, *as well as* in its brief opposing the motion to compel,

---

[3] Clearly, the Board must determine the sufficiency of applicant's efforts towards resolving the discovery issue. However, opposer's non-substantive email reply, and lack of follow-up, fall far short of the Board's expectation that *both* parties will

described circumstances that would have been relevant to applicant's understanding of the situation, namely, that opposer is a small, closely held company that was moving its operations and whose principal had not had time to address discovery matters.[4]  Had applicant made a second inquiry, and concomitantly, had opposer provided information regarding its situation, applicant would have known enough to assess whether the situation was of the type that could be resolved without Board intervention.  The record does not reflect an unresolvable situation – such as would have been the case if opposer were a defiant adversary who simply refused to engage in discovery or to provide applicant with any answer regarding the failure to serve discovery responses.

Given the choices of communication technologies that have become common and nearly ubiquitous in the professional setting, and given that current technologies (email, phone, letter, text and other means) make substantive communications directed to ascertaining the details of a situation that arises during litigation achievable with minimal effort, time and delay, the Board may, under certain circumstances, expect more "effort" from a

---

engage in meaningful efforts that are specifically directed toward resolving any discovery issues or delays.  *Cf.* TBMP § 408.01 (2013).

[4] Similarly, these circumstances could have supported a request by opposer for applicant's consent to a reasonable extension of time to respond to discovery. However,  opposer did not approach applicant with a request for such an extension. Inasmuch as applicant consented to opposer's request for additional time to respond to the motion to compel, the record suggests that applicant might have provided consent to an extension to respond to discovery, had opposer sought one.

party than a single, nonsubstantive communication prior to filing a motion to compel discovery.

Under the circumstances of this proceeding, applicant failed to satisfy the good faith effort requirement of Trademark Rule 2.120(e)(1). Accordingly, its motion to compel is denied.

As a final matter, because opposer did not serve discovery responses until after applicant filed its motion to compel, applicant set forth in the record the alleged deficiencies with the responses in its *reply* brief. This created procedural problems inasmuch as applicant first saw the discovery responses *after* it filed the motion to compel, and opposer did not have an opportunity to respond to any deficiencies that applicant perceived therein. This also was contrary to the Board's preference that the arguments and authority should be presented thoroughly in the motion or the opposition brief thereto. *Cf. Johnston Pump/General Valve Inc. v. Chromalloy American Corp.,* 13 USPQ2d 1719, 1920 n.3 (TTAB 1989). More to the point, the perceived deficiencies could have been, and indeed should have been, significantly narrowed or resolved by conference or correspondence. *Cf. Amazon Techonologies, Inc. v. Wax,* 93 USPQ2d at 1705; *Sentrol, Inc. v. Sentex Systems, Inc.,* 231 USPQ 666, 667 (TTAB 1986). This only further illustrates the manner in which applicant's reliance on a brief and insubstantial email exchange resulted in presenting to the Board an otherwise resolvable or largely resolvable dispute. Adherence to the

Trademark Rule 2.120(e)(1) good faith effort requirement is intended to avoid the Board's involvement in such a situation.

<u>Schedule</u>

Proceedings are resumed. The close of discovery, and trial dates, are reset as follows:

| | |
|---|---|
| Discovery Closes | **4/25/2014** |
| Plaintiff's Pretrial Disclosures | **6/9/2014** |
| Plaintiff's 30-day Trial Period Ends | **7/24/2014** |
| Defendant's Pretrial Disclosures | **8/8/2014** |
| Defendant's 30-day Trial Period Ends | **9/22/2014** |
| Plaintiff's Rebuttal Disclosures | **10/7/2014** |
| Plaintiff's 15-day Rebuttal Period Ends | **11/6/2014** |

In each instance, a copy of the transcript of testimony, together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony. Trademark Rule 2.l25. Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b). An oral hearing will be set only upon request filed as provided by Trademark Rule 2.129.